## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SANDRA L. DARROCH,

      *Plaintiff,*


  vs.

AMERICAN IMPLEMENT, INC., and
BEN NEWBY,

      *Defendants.*

Case No. 15-1216-EFM-GLR

## MEMORANDUM AND ORDER

Plaintiff Sandra Darroch claims that during her employment at American Implement, Inc., her supervisor harassed her because of her gender and Hispanic ancestry. Shortly after she reported the harassment, her employment was terminated. Darroch now brings suit against her former employer, Defendant American Implement, Inc. ("American Implement"), and her former supervisor, Defendant Ben Newby. She sues under both Title VII and the Kansas Act Against Discrimination ("KAAD"), alleging gender and ancestry discrimination as well as retaliatory conduct. She also alleges that Newby tortiously interfered with her ongoing business relationship with American Implement. Defendant Newby now moves to dismiss the claims

against him under Fed. R. Civ. P. 12(b)(6).  For the following reasons, Newby's Motion to Dismiss is granted.[1]

## I.        Factual and Procedural Background[2]

Darroch began working for American Implement in 2002, and for 12 years she worked without incident.  In March 2014, Newby became her direct supervisor in the accounting department.  Newby singled out Darroch, treating her rudely and yelling at her in earshot of the other employees.  Darroch eventually reported Newby's conduct to the human resources director.  Specifically, Darroch reported that Newby singled her out, micromanaged and timed her work, followed her to the restroom, and constantly checked on her.  Further, she reported that Newby would get angry and yell at her, and tried to hold up her annual performance bonus.  The human resources director assured Darroch that there would not be any repercussions to her reporting her supervisor.  But five days later, American Implement terminated Darroch's employment.  No reason was given for the termination.

Following her termination, Darroch filed a charge alleging gender and ancestry discrimination against American Implement with the Kansas Human Rights Commission ("KHRC").  The KHRC found that American Implement discriminated against Darroch based on her sex but not based on her ancestry.  Additionally, the KHRC found that American Implement retaliated against Darroch due to her complaint of harassment.

---

[1] Darroch has not filed a response.  Nevertheless, the Court will still examine the allegations in Darroch's complaint to determine whether she has stated a claim for which relief can be granted. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

[2] The facts are taken from Darroch's Petition, as well as the exhibits attached thereto, and are accepted as true for purposes of this ruling.

Later, the United States Equal Employment Opportunity Commission notified Darroch of her right to sue American Implement, and she filed this action in state court. American Implement and Newby timely removed the case to this Court. Newby now moves to dismiss the claims against him of discrimination and tortious interference with an ongoing business relationship. He argues that Darroch fails to state a claim upon which relief can be granted.

## II.    Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such a motion, the Court must decide "whether the complaint contains enough facts to state a claim to relief that is plausible on its face."[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[5] The Court must accept all of the factual allegations in the complaint as true.[6] But the Court need not afford such a presumption to legal conclusions.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."[8]

---

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678-79.

[7] *Id.*

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

-3-

### III.    Analysis

#### A.  Discrimination Claims

Newby moves to dismiss Darroch's Title VII and KAAD claims because an individual supervisor cannot be liable under Title VII and the KAAD.  The Court agrees.[9]

Darroch alleges that Newby was her direct supervisor.  Under Title VII, "liability is appropriately borne by employers, not individual supervisors."[10]  And actions brought under the KAAD are subject to the same rule.[11]  Darroch can only maintain her Title VII and KAAD claims against her employer, American Implement.  Such actions against an individual supervisor, such as Newby, in his personal capacity are improper.[12]  Because Newby was Darroch's supervisor and not her employer, the Court dismisses the Title VII and KAAD claims brought against him.

#### B.  Tortious Interference with Existing Business Relationship

Newby also moves to dismiss Darroch's claim of tortious interference with an existing business relationship.  Under Kansas law, the required elements for a prima facie showing of tortious interference are: (1) the existence of a business relationship; (2) knowledge of the relationship by the defendant; (3) that, except for the conduct of the defendant, plaintiff was

---

[9] Newby also moves to dismiss because Darroch failed to exhaust her administrative remedies.  Because Newby, as an individual supervisor, cannot be sued under Title VII and the KAAD, there is no need to address this issue.

[10] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[11] *See White v. Midwest Office Tech., Inc.*, 979 F. Supp. 1354, 1356 (D. Kan. 1997); *Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996).

[12] *Haynes*, 88 F.3d at 901. ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII.").

reasonably certain to have continued the relationship; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct.[13] In addition, "[t]he conduct complained of must have been accomplished by a third party unrelated to the business relationship between the principal parties."[14]   In other words, one cannot tortiously interfere with a business relationship unless he is an unrelated third party.[15]

Here, Darroch alleges that Newby was her direct supervisor at American Implement. And all of her complaints against Newby arise from his actions as her supervisor.  She never alleges, and the Court cannot infer, that Newby was acting outside his official capacity as an employee of American Implement.  As American Implement's agent, Newby cannot be held liable for tortious interference because he is not a third party to the relationship.[16]  Because the conduct of an agent must be regarded as the conduct of the principal, Darroch is essentially alleging that American Implement's own agent tortiously interfered with American Implement's own business relationship.  Since a party cannot tortiously interfere with its own relationship, Darroch has failed to properly plead a claim for tortious interference with an existing business relationship, and the claim is dismissed.

---

[13] *Turner v. Halliburton Co.*, 240 Kan. 1, 12, 722 P.2d 1106, 1115 (1986).

[14] *Hart v. U.S.D. #244 Bd. Of Educ.*, 2014 WL 3020476, at *4, 327 P.3d 1052 (Kan. App. 2014) (unpublished table opinion).

[15] *Diederich v. Yarnevich*, 40 Kan. App. 2d 801, 810, 196 P.3d 411, 418 (2008).

[16] *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266 (D. Kan. 2012).

**IT IS THEREFORE ORDERED** that Defendant Ben Newby's Motion to Dismiss (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2016.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE